

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. A. Jamison, Commissioner,
Department of Banking
Austin, Texas

Dear Mr. Jamison:                    Opinion No. 0-6892

Re: Whether or not a state bank
may lawfully invest its funds in
the insured shares issued by a
foreign savings and loan associa-
tion with a permit to do business
in this state.

We beg to acknowledge receipt of your request for an opinion upon the above-captioned subject matter.

Article 6, Chapter V, of the Texas Banking Code is as follows:

"A state bank may invest in, or lend on the security of, shares of stock insured by the Federal Savings & Loan Insurance Corporation, which is issued by any building and loan association or savings and loan association domiciled in this state."

While the words "domicile" and "residence" are not infrequently used interchangeably, such is not always the case. Strictly speaking, a person may have only one domicile while he may at the same time have more than one residence. "Domicile", as contradistinguished from "residence", means the legal home, the permanent home; whereas, "residence" means a present abiding place irrespective of the actual domicile or legal home. Thus, a person may be sued in any county wherein he has a residence, but he may not vote in any county other than the one in which he has his domicile.

A corporation is a legal entity created by law for certain specified purposes, although such corporation may do business in any other state giving its consent thereto by proper permit. The legal home -- the domicile -- of a corporation is the state granting to it a charter. It is there

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the corporation is born, and there it must be buried. The state in which such corporation is authorized by permit to do business can in nowise change the corporate entity, nor can it dissolve it. It can exercise certain control over the manner of its doing business within the permitting state's territory, but this is the condition upon which it is permitted to do business there at all. One of the usual conditions is that an office be maintained, or a resident agent for service in legal proceedings be named, but these and other similar requirements are incidental to the privilege granted to do business, under the foreign corporate charter.

A corporation does not lose its domicile in the state of its creation merely because through comity it is permitted to carry on a part of its corporate business in another or any number of other states.

Speaking to this point, it is said by the Supreme Court of this state (special):

"It is by law domiciled in the state of its creation and may neither migrate nor expatriate." -- Cousins v. Sovereign Camp W.O.W., 35 S. W. (2) 696.

Fletcher Cyc. Corp., Vol. 8, page 9296, Sec. 5706, states the rule thus:

"***.

"'A corporation has its legal domicile in the country or state by or under whose laws it was created, and in that country or state only, even though it may be engaged in business and have an office in another country or state. Unlike a natural person, a corporation cannot change its domicile at will, and although it may be permitted to transact business where its charter does not operate, it does not on that account acquire a residence or domicile there.'"

20 Corpus Juris Secundum, Sec. 1794, declares:

"One result of the doctrine that a corporation cannot migrate, but must dwell in the place of its creation, is that a corporation, in so far as it can be regarded as a 'citizen,' 'resi-

Honorable H. A. Jamison - page 3

dent,' or 'inhabitant,' as it may be for the purpose of jurisdiction and for many other purposes, is a citizen, resident, and inhabitant of the state or country by or under the laws of which it was created, and of that state or country only, even though it may be doing business in another state or country in compliance with local laws and may have part or all of its property there; and even though some or all of its officers, members, or stockholders are citizens or subjects of another state or country."

We are of the opinion that the words "domiciled in this state" are used in Article 6, Chapter V, of the Texas Banking Code, in the accepted sense of the term "domicile" as applied to corporations.

Obviously, the purpose of the limitation of investments to the shares of stock in associations domiciled in this state was because such associations would be subject at all times to legislative control and state supervision and visitation. Now, of course, to some extent, and for the time being a foreign corporation doing business in this state under a permit is subject to supervision and visitation -- while the permit exists -- but such permits are for relatively a short time -- one year -- while the investment in the stock of such foreign corporation is a permanent one. Thus, it is easily seen that perhaps the controlling motive for the permitted investment -- constant supervision and visitation -- might be lost to the State by the voluntary act of the association's refusal to continue business in this State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 1, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN